# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEON ALEXANDER,** | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | NO. 10-2008 |
| | : | |
| **RANDALL BRITTON, et al.,** | : | |
| Respondents | : | |

## ORDER

**AND NOW**, this 15th day of November, 2010, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, it is hereby ORDERED that:

1. The petitioner's objections are OVERRULED;[1]

2. The Report and Recommendation is APPROVED and ADOPTED;

3. The petition for writ of habeas corpus is DENIED with prejudice;

---

[1] Mr. Alexander relies principally on Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005) in arguing that this court should reject the recommendation that his habeas petition be denied as untimely. Rhines concerns a District Court's discretion to grant a stay and abeyance where a prisoner has filed a habeas petition containing some claims that have been exhausted in state court proceedings and some claims that have not. In that situation, the Supreme Court ruled, a district court does not abuse its discretion in staying a mixed petition that was timely filed in the first instance but that would be untimely if filed again after the petitioner has properly pursued his unexhausted claims in state court. Mr. Alexander appears to claim that a district court's discretion to issue a stay and abeyance in the mixed claims scenario applies here, which it does not. Where in Rhines the petitioner's mixed petition was timely filed in the first instance, here, I am confronted with a petition that was untimely from the start. Therefore, the only ground upon which Mr. Alexander can avoid the consequences of his untimely filing is that of equitable tolling, under which he must show that his failure to file his petition within the applicable one year statute of limitations was the result of some extraordinary circumstance that prevented timely filing despite his diligent pursuit of his rights. See Holland v. Florida, - - U.S. - - , 130 S.Ct. 2549, 2562 (2010). Mr. Alexander has failed to allege circumstances giving rise to equitable tolling. Therefore, his untimely petition must be dismissed.

4. There is no probable cause to issue a certificate of appealability;

5. The Clerk of Court shall mark this case CLOSED for statistical purposes.

BY THE COURT:


/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.